THE STATE OF NEW JERSEY, ROY H. WILLIAMS, FISH AND GAME WARDEN, PROSECUTOR-APPELLANT, v. WALTER C. BIGGS AND JULIUS PARNES, DEFENDANTS-RESPONDENTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellant, *David T. Wilentz,* attorney-general, and *Harry A. Walsh,* assistant attorney-general.

For the respondents, *Sebastian Gaeta (N. Demarest Campbell,* of counsel).

The opinion of the court was delivered by

HEHER, J. Paragraph 1 of chapter 152 of the laws of 1914, as amended by chapter 214 of the laws of 1932 (*Pamph. L.* 1914, *p.* 274; *Pamph. L.* 1932, *p.* 486), prohibits angling in any of the "fresh waters of this state," without the license therein prescribed. A proviso grants an exemption to "the occupant of any farm  *  *  *,  who actually resides thereon, or the immediate members of the family of such occupant who also reside on said farm (excluding, however, 'any person residing on said farm or in any tenant house thereon who is not a member of the family of such occupant,' and the servants of such occupant)  *  *  *  at any time" when angling is otherwise lawful.

Noting that the attorney-general maintained that the pond in question was a "runway for migratory fish," and therefore not "private waters" within the intendment of section 39 of the act for the protection of certain kinds of birds, game and fish, Revision of 1903 (2 *Comp. Stat., pp.* 2506, 2514), the Supreme Court concluded that the evidence presented an issue of fact as to the character of the waters and afforded ample support for the finding of the trial court that it was not a channel or passageway for migratory fish.

The insistence of the state now is that the licensing provision of the act of 1932, *supra,* embraces fishing in "all the fresh waters of this state," with the exemption limited to those therein specifically enumerated, and that this was a measure "deemed reasonably appropriate and needful in order to regulate fishing generally throughout the state."

We find no such legislative purpose. These statutes are in *pari materia,* and are to be construed together as forming one act. Their several provisions are to be effectuated as a consistent and harmonious whole. Assuming the existence of the power, these statutes do not disclose a purpose to make its licensing provisions applicable to "private waters," as defined in section 39 of the Revision of 1903. The act of 1932 prescribes a license for angling in the "fresh waters" of the state; and section 39 of the Revision of 1903, whose subject likewise is fishing in fresh waters, defined "private waters," within the intendment of the Fish and Game act, as "ponds, lakes and waters created by or under the exclusive control of individuals or associations, stocked and maintained at the sole expense of such individuals or associations, and not runways for migratory fish."

The act of 1932 does not evince a legislative purpose to give the term a wider or different signification. These regulatory statutes, taken and compared together, exhibit a legislative policy to exempt from their provisions private waters as thus defined. The express design of the Revision of 1903 is the protection of specified birds, game and fish. This protection is afforded by provisions both prohibitory and regulatory in character. With certain enumerated exceptions, angling only is permissible. This form of fishing is limited

to prescribed seasons, and penalties are ordained for non-seasonal fishing. But the requirement of a license was not laid upon the angler. Then came the regulatory statute of 1914, *supra,* since amended. It prohibited angling in the "fresh waters of this state," without the prescribed license, and directed the transmission of the license fees to the state treasurer, who was enjoined to place the same "to the credit of a fund to be known as the 'Hunters' and Anglers' License Fund,'" and to disburse the same "on vouchers certified to by the board of fish and game commissioners." There is disclosed no purpose to depart from the established policy of confining the operation of such regulatory measures to non-private waters, within the intendment of the earlier statute. On the contrary, the provision for the segregation of the license fees, and their disbursement by the state agency charged with the administration of the fish and game laws, denotes an intention to make the fund available for the discharge of the primary purpose of that agency, *i. e.,* the protection of fish in the non-private waters of the state.

This purpose is emphasized by the amendment of section 7 of the act affected by chapter 214 of the laws of 1932. These statutes have a common general object, and we are unable to discover in either an intent to exclude "private waters" in the one case and include them in the other. The exemptions specified in the act of 1914, as amended, relate to waters within its purview; the proviso embodying them was not designed to modify the policy of the earlier statute and include all fresh waters without limit.

The judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—None.